UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BRITT ALLEN RIPKOWSKI, § § Petitioner, § § v. § RICK THALER, Director, § Texas Department of Criminal § Justice-Correctional Institutions Division, § § Respondent. § § | H-12-CV-2685 |

**MEMORANDUM AND ORDER**

Petitioner Britt Allen Ripkowski is a death row inmate in the custody of the Texas Department of Criminal Justice. The Texas Court of Criminal Appeals affirmed his conviction and death sentence, and denied his application for postconviction relief. This Court denied Ripkowski's first federal habeas petition, and the Fifth Circuit affirmed. Ripkowski is scheduled for execution on February 20, 2013.

Ripkowski has filed a successive petition for a writ of habeas corpus. He also asks this Court to stay his execution. This Court has already considered, and denied, Ripkowski's initial habeas petition. The Anti-Terrorism and Effect Death Penalty Act requires this Court to dismiss any successive habeas petition. "Before a second

1

or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *Felker v. Turpin*, 518 U.S. 651, 664 (1996) ("The Act requires a habeas petitioner to obtain leave from the court of appeals before filing a second habeas petition in the district court."). "Indeed, the purpose and intent of [28 U.S.C. § 2244(b)(3)(A)] was to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)).

This Court is without jurisdiction to consider a successive petition. *See Key*, 205 F.3d at 774 ("Accordingly, § 2244(b)(3)(A) acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until [the circuit court] has granted the petitioner permission to file one."). As this Court lacks jurisdiction to consider a successive habeas petition, it likewise lacks jurisdiction to stay Ripkowski's execution. *See Kutzner v. Cockrell*, 303 F.3d 333, 338 (5th Cir.), *cert. denied*, 536 U.S. 978 (2002); *Martinez v. Texas Court of Criminal Appeals*, 292 F.3d 417, 423 (5th Cir.), *cert. denied*, 535 U.S. 1091 (2002).

The AEDPA vests authority in the Fifth Circuit to authorize the filing of a

successive habeas application. Federal procedure allows a district court to transfer a successive habeas application to the circuit court for review under 28 U.S.C. § 2244(b)(2). *See In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

Whenever a civil action is filed in a court . . .and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631. Three conditions underlie a proper transfer: "(1) the transferring court lacks jurisdiction; (2) the transferee court could have exercised jurisdiction at the time the action was filed; and (3) the transfer is in the interest of justice." *Cruz-Aguilera v. I.N.S.*, 245 F.3d 1070 (9th Cir. 2001).

This Court lacks jurisdiction to consider Ripkowski's claims. The Fifth Circuit, could have exercised jurisdiction at the time Ripkowski filed this action. "Normally transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is time consuming and justice-defeating." *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990). **In light of Ripkowski scheduled execution, this Court directs the Clerk to transfer Ripkowski's action to the United States Court of Appeals for the Fifth Circuit for a determination of whether, under 28 U.S.C. ☐ 2244(b)(2), that court should authorize the filing**

**of a successive habeas petition**.

Signed at Houston, Texas this 12th day of September, 2012.

_____
Nancy F. Atlas
United States District Judge